IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL P. BJORLIN,

    Plaintiff,                        No. CIV S-09-1793 GEB GGH P

    vs.

T. HUBBARD, et al.,

    Defendants.               ORDER

_____/

        Plaintiff has brought a "motion for injunction relief," which he apparently intends to be a motion for a temporary restraining order (TRO) or preliminary injunctive relief, declaring that he is in fear for his life and that his life has been threatened.  Motion, pp. 1-2.

        TRO/Motion for Preliminary Injunction

        *TRO*

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general

standards that govern the issuance of a preliminary injunction.[1]  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

*Preliminary Injunction Standard*

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, ___ F.3d ___, 2009 WL 3448435 at *13 (9th Cir. Oct. 28, 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In his underlying amended complaint, plaintiff alleges, inter alia, violations by defendants of his rights under the Eighth Amendment by failing to protect him from being sexually assaulted by a cellmate, on September 22, 2009, with whom he was placed by defendant Callission (whom plaintiff actually alleges set plaintiff up to be injured), and by showing

---

[1] To the extent that this purports to be an ex parte motion for a TRO without notice, the undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65 for issuance of such an order, which plaintiff clearly has not met. Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Rule 65(b) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury...will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

1    indifference to his concerns thereafter.  Amended Complaint, pp. 7-9.  Plaintiff also makes
2    claims of retaliation under the First Amendment: after plaintiff had been raped, plaintiff claims
3    that defendant Callission told him that the next time he got a cellmate, plaintiff would not be
4    walking out of his cell but would come out in a body bag for "snitching" against defendant
5    Callassion's partner (apparently in the form of filing a grievance relating to defendant Hubbard's
6    harassment of plaintiff).  Id., at 5-7.  When, on September 25, 2009, plaintiff witnessed
7    defendants Swart and Mortell "beat and punch another inmate in the face," plaintiff was
8    threatened by them to keep silent or he might be hurt.  Id., at 7-8.
9             In his preliminary injunctive relief motion, plaintiff, who identifies himself as a
10   mental health patient in fear for his life, states, under penalty of perjury, that defendants have
11   tampered with his meals, deprived of him of access to showers and law library books; he states
12   emphatically an allegation he raises in his underlying complaint, that defendant Calison (also
13   spelled by plaintiff, randomly, as Callassion, see above) set him up to be raped by his cellmate,
14   on September 20, 2009, and reiterates Calison's warning to him that he would come out of his
15   cell next time in a body bag.  Motion, p. 2.  Plaintiff further states that on January 18, 2010, he
16   and his cellmate, Mr. Johnson (presumably a different cellmate from the one who allegedly raped
17   plaintiff), had their lives seriously threatened.  Id.  Plaintiff states that "higher officials" have
18   failed to take action and that he is suffering retaliation due to his having filed a 602 grievance
19   and a lawsuit against defendant Hubbard (by which it is unclear whether he means the instant
20   lawsuit, wherein he sued many defendants, including Hubbard, or a different one).  Id.
21            Plaintiff claims that on January 18, 2010, two correctional officers, defendant
22   Calison as well as T. Smith, a non-party, both threatened the lives of plaintiff and his cellmate,
23   Johnson, stating that they were going to be separated and killed or set up to be murdered.
24   Motion, p. 3.  Plaintiff avers that both defendant C/O Calison and non-defendant C/O Smith have
25   assaulted him on "numerous occasions" and have tampered with his food.  Id., at 3-4.  Plaintiff is
26   seeking an immediate transfer from HDSP and cautions that if he should wind up injured or

dead, any such event will have been orchestrated by defendant Calison, non-party Smith and permitted by defendant McDonald and a non-defendant associate warden named Davey. Id., at 2, 4.

The court has found some of the allegations of the underlying complaint at least cognizable. Plaintiff's declaration under penalty of perjury that defendant Calison set plaintiff up to be raped and has threatened his life more than once, the last time on January 18, 2010, raises some concern. On the other hand, plaintiff is too vague about when and how his food has been tampered with by defendant Calison and C/O Smith, nor does he provide specific instances of the "numerous" times he has been assaulted/attacked by these individuals (beyond laying the responsibility for the sexual assault he suffered in September, 2009, on defendant Calison, and beyond the recent threat he describes made to himself and his cellmate, which apparently occurred for no discernible reason). Although the court cannot, on this showing, ascertain the credibility of plaintiff's fears related to threats against his life, it is difficult to discern how the balance of equities could tip in defendants' favor if plaintiff is at risk or how denying preliminary injunctive relief would not be in the public interest. The Attorney General's Office and defendants will be directed to ascertain whether plaintiff is being subjected to assaults or is currently endangered by the actions of defendant Calison or any other defendant. A response to the motion for preliminary injunction must be filed within seven (7) days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court must serve this order, as well as plaintiff's motion for preliminary injunctive relief, filed on January 27, 2010 (docket # 13), upon the Supervising Deputy Attorney General Jennifer O'Neill electronically and must serve separately by mail defendant Calison at High Desert State Prison (HDSP), as well as defendant HDSP Warden Mike McDonald (notwithstanding that the court has recommended McDonald's dismissal from this case);

2. Defendants have seven (7) days to respond to plaintiff's January 27, 2010 (docket # 13), motion for preliminary injunctive relief; and

3. The Attorney General's Office and defendants must immediately ascertain whether or not plaintiff's life is at risk at High Desert State Prison and to take the steps necessary to assure his safety.

DATED: February 3, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
bjor1793.mtn