1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL P. BJORLIN,

11              Plaintiff,                    No. CIV S-09-1793 GEB GGH P

12       vs.

13   T. HUBBARD, et al.,

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  In a concurrently filed order, the court has found plaintiff's allegations against some

18   defendants within his first amended complaint colorable.  However, to the extent plaintiff

19   purports to sue the California Department of Corrections and Rehabilitation and High Desert

20   State Prison, his claims miss the mark.  The Eleventh Amendment serves as a jurisdictional bar

21   to suits brought by private parties against a state or state agency unless the state or the agency

22   consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781

23   (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the

24   instant case, the State of California and High Desert State Prison have not consented to suit.

25   Accordingly, plaintiff's claims against these entities are frivolous and must be dismissed.

26   \\\\\

1

1    In addition, plaintiff continues to attempt to frame a claim of an equal protection

2  violation under the Fourteenth Amendment predicated on his allegation that while he, as a

3  sensitive needs yard (S.N.Y.) inmate, must conform to a prison policy of integrated housing,

4  those inmates in the general population (GP) are allowed to be housed with cellmates of their

5  own race.  Amended Complaint (AC), pp. 4-6.  As plaintiff has been previously informed,

6  neither an S.N.Y. or a G.P. inmate is entitled to be housed with a member of his own race, nor

7  can he claim an actual injury when his claim is not that he is being segregated or housed only

8  with members of his own race but is rather the reverse that he is being told he must agree to

9  integrated housing.  Johnson v. California, 543 U.S. 499, 125 S. Ct. 1141 (2005).  Nor, even if

10  plaintiff has been placed with a cellmate not of his own choosing would his rights to due process

11  be implicated.  In general, prison officials' housing and classification decisions do not give rise

12  to federal constitutional claims encompassed by the protection of liberty and property guaranteed

13  by the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569, 92

14  S. Ct. 2701 (1972).  Nor does the Constitution guarantee a prisoner placement in a particular

15  prison or protect an inmate against being transferred from one institution to another.  Meachum

16  v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2358 (1976).

17    Plaintiff cannot articulate a claim of racial discrimination based on being

18  subjected to a prison housing regulation which does not use race as the main determining factor

19  for housing.   Rather, a claim of racial discrimination rising to the level of a constitutional

20  violation would have to be predicated on an allegation of compelled segregated housing, rather

21  than required integrated housing.  The Supreme Court has found that a state prison policy that

22  constitutes "an express racial classification" is "'immediately suspect.'"  Johnson v. California,

23  543 U.S. at 509, 125 S. Ct. at 1148 (internal citation omitted).   The Fourteenth Amendment bans

24  racial discrimination of the very sort plaintiff seeks to impose in the form of segregation by race.

25  Id., at 510-511, 125 S. Ct. at 1149.  Plaintiff has previously been granted leave to amend and has

26  failed to articulate a colorable claim of discrimination or an equal protection violation.

"Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).   At this point, the undersigned finds that it would be futile to permit further leave for plaintiff to attempt once again to amend this claim and will recommend dismissal of the claim.  This recommendation includes a recommendation of dismissal of defendants Felker and MacDonald because plaintiff's claims against them appear to rest wholly on a claim of discrimination against S.N.Y. inmates based on their being compelled to participate in integrated housing.  AC, p. 9.

Nor does plaintiff have standing to assert a claim of discrimination based on what he believes are the differences between who S.N.Y. inmates are assigned as cellmates as compared to those in G.P.  It is also not enough to simply state in the caption of his amended complaint that his is also a "class action."  AC, p. 1.  There has been no appropriate motion for class certification brought pursuant to Fed. R. Civ. P 23; in addition, plaintiff is not a lawyer and is proceeding without counsel.   It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED that, to the extent plaintiff's makes claims of discrimination and violation of his rights under the Equal Protection Clause of the Fourteenth Amendment by any prison policy of integrated housing for sensitive needs yards inmates against any defendants, those claims be dismissed and that the California Department of

1   Corrections and Rehabilitation and High Desert State Prison, Warden Felker and Warden

2   McDonald, as well, be dismissed as defendants in this action.

3                   These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5   one days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within seven days after service of the objections.  The parties are

9   advised that failure to file objections within the specified time may waive the right to appeal the

10  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: February 3, 2010

12                                                  /s/ Gregory G. Hollows

13                                          _____
                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

14  GGH:009
    bjor1793.fr

15

16

17

18

19

20

21

22

23

24

25

26